George G. Williams and Another, as Executors, etc., of Catherine M. McCoskry, Respondents, *v.* Katherine Van Wyck Haddock, an Infant, Appellant, Impleaded with Others.

*Contracts — binding on the personal representatives of a deceased party — rights of such representatives — power to extend the time of performance of a contract for the sale of land.*

It is a familiar principle in reference to the interpretation of contracts, that, although there are no express words making the same binding upon the personal representatives of a deceased party, yet they may be enforced by and against such representatives, and the introduction of a clause in a contract making the stipulations therein contained binding upon the heirs, executors, administrators and assigns of the respective parties, does not confer upon the

executors of a deceased party any rights which they would not have enjoyed had the contract contained no such provision, nor does it impose any restrictions upon their right of action which would not otherwise have existed.

When the rights of a deceased party to a contract descend to her personal representatives, such representatives possess, so long as they act in good faith, the same powers as the deceased, and represent her fully in respect to the obligations and rights under the contract.

The executors of a testatrix, acting in good faith, have the power to extend the time for the performance of a contract to purchase real estate, made by third persons with the testatrix, in her lifetime, where such sale is advantageous to the estate, notwithstanding the fact that by reason of such contract being performed, certain of the heirs of the testatrix, who would have taken a share of the real estate described in such contract if the contract had not been performed, are not entitled to share in the proceeds of the sale thereof.

APPEAL by the defendant, Katherine Van Wyck Haddock, an infant, by J. Henry Swanstrom, her guardian *ad litem*, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 23d day of June, 1893, upon the decision of the court, rendered after a trial at the New York Special Term, except so much thereof as directed the payment of costs and allowances.

*J. E. Swanstrom*, for the appellant.

*C. A. Jackson* and *Manley A. Raymond*, for the respondents.

VAN BRUNT, P. J.:

This action was brought to compel a conveyance by the heirs at law of one Catherine M. McCoskry of certain real estate contracted to be sold by the deceased in her lifetime, and for the purpose of determining whether, under the will of said decedent and other instruments referred to, the infant defendant appellant and others, as heirs at law, have any beneficial interest in or right to any part of the real estate in question. The trial court adjudged, amongst other things, that no deed of conveyance by the said heirs at law is necessary, and that they have no interest in the said property and premises in question, and that, consequently, neither said infant nor the defendant, her mother, is entitled to any interest in said property, or in the proceeds of a sale thereof, as heirs at law or otherwise. From this judgment this appeal is taken.

Catherine M. McCoskry died in the city of New York on the 22d

of April, 1886. Her will was admitted to probate by the surrogate of the county of New York in February, 1887, and consists of a will executed in December, 1884, and two codicils bearing date respectively September 3, 1884, and April 12, 1886. The appellant was the daughter of a nephew of the deceased, and, therefore, could not take under the Statute of Distributions, being too far removed in relationship. And the question presented is whether the proceeds of the real estate in question are to be considered as real estate or personal property. As has been already stated, at the time of the death of the testatrix she had contracted to sell the property in question, the contract providing that the same should be closed on the 18th of March, 1887, and that the purchaser should have the right and privilege of occupying and using said premises as a tenant until said date, or until the closing and consummation of said sale if sooner completed. At the end of the contract was a clause which provided that in case of the failure of the purchaser to complete said contract on or before the 18th of March, 1887, all interest in the said premises, and all right and claims to a conveyance thereof, should, *ipso facto*, cease and determine absolutely, and the premises should be delivered over to the party of the first part. The contract contained the further provision that the stipulations were to apply to and bind the heirs, executors, administrators and assigns of the respective parties. Before the time for the completion of this contract the vendor died. Upon the day fixed for its completion the vendees were not ready to and did not complete the contract. The executors were ready and willing on their part to perform the contract in accordance with its terms and conditions. Upon the last day within which, by its terms, the contract was required to be completed the executors waived the said stipulation by executing an agreement extending the time for the performance of the contract by the vendees. This extension and waiver were given without obtaining the consent of the heirs at law of the deceased vendor. And it is now claimed by the appellant that such extension was without authority and beyond the powers of the executors, and that by virtue of the clause referred to in the contract, the same ceased to exist, and the property became real estate in the hands of the executors, to the proceeds arising from a sale of which the heirs at law of the testatrix were entitled.

The argument in support of this proposition seems to be based upon the clause in the contract making the stipulations therein binding upon the heirs, executors, administrators and assigns of the respective parties. It is difficult to see how any additional rights were conferred or limitations imposed upon the personal representatives of the deceased by this clause, which would not have existed by operation of law. It is a familiar principle in reference to the interpretation of contracts that although there are no express words making the same binding upon the personal representatives of a deceased party, yet they may be enforced by and against such representatives; and the contract is just as binding upon such representatives as though made so by express terms. Therefore, the introduction of the clause in question does not seem to have conferred any rights upon the executors of the deceased which they would not otherwise have enjoyed, or to have imposed any restrictions upon their right of action which would not otherwise have existed.

It will not be disputed that even if time was of the essence of the contract, the testatrix in her lifetime would have had the power to have extended such time of completion. And as the rights of the testatrix under this contract descended to her personal representatives, as long as such representatives acted in good faith, it is difficult to see why they did not possess the same powers, they representing the testatrix fully in respect to the obligations and rights under the contract. It is not claimed, had there not been this provision for forfeiture, that the executors would not have had the right to extend the time for the completion of this contract. If, under any circumstances, they have the right to extend the time, how can the insertion of this clause have abridged such right if any force whatever is to be given to the clause making the stipulation binding upon the representatives? It is evident that it was the intention that the stipulations to be performed by the testatrix were to be binding upon her representatives; not the privileges which were conferred upon such personal representatives. And the question as to whether the enforcement of this contract upon its due date should be insisted upon, was a privilege which they might possibly have had the right to enforce, but which was not absolutely certain, because, even where time is of the essence of the contract, a party

may, under some circumstances, be excused from performance and be allowed to fulfill his obligation subsequently.

We cannot see, upon a consideration of the rights of these parties, how it is possible to hold that the executors in respect to this contract did not fully represent the testatrix and have the right to use their best judgment, as long as they acted honestly and without negligence, upon the question as to whether these purchasers should be allowed an extension of time to complete a contract which seems to have been advantageous to the estate.

We do not think that there is any question of equitable conversion arising in this case. It is the ordinary case of a contract to purchase, the title to be completed at a certain time; the vendor dies before the time arrives for its completion and the executors extend the time in order that the purchaser may complete and the contract is finally fulfilled. Unfortunate as it may be for this appellant that the result of the contract by the vendor has deprived her of a portion of the estate of the testatrix because portions of her will had been declared void, we do not think that the ordinary rules of representation of executors, in respect to the contract of their testatrix, can be set aside in order that this apparent hardship may be obviated.

We are of opinion, therefore, that the claim made by the appellant, that the executors were without authority to extend this time, and that by force of the provisions of the contract the property therein described reverted to the estate of the testatrix as real estate, is not well taken.

The judgment appealed from should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.